UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

IN RE:

WARREN, MARSHALL L.,

Debtor.

Case No. 06-10906-R
Chapter 7

Filed/Docketed
August 2, 2006

### ORDER DENYING DEBTOR'S MOTION TO RECONSIDER ORDER DISMISSING CASE OR IN THE ALTERNATIVE MOTION TO REOPEN CASE AND ALLOW DEBTOR ADDITIONAL TIME TO FILE DEBTOR'S CERTIFICATE OF COUNSELING

Before the Court is the Motion to Reconsider Order Dismissing Case or in the Alternative Motion to Reopen Case and Allow Debtor Additional Time to File Debtor's Certificate of Counseling filed by Debtor Marshall L. Warren (the "Debtor") on July 26, 2006 (the "Motion") (Doc. 10). In the Motion, counsel for the Debtor asserts that "through no fault of the Debtor herein, counsel for the Debtor made an inadvertent error in calculating the time requirements for filing Debtor's case within 180 days of the issuance of Debtor's Certificate of Counseling so as to be in compliance with 11 U.S.C. Section 109(h). . . . [This] case was apparently filed 181 days from the date of the issuance of the certificate." Motion at 1. Counsel for the Debtor further asserts that the Debtor was in "substantial compliance" with Section 109(h) and that for good cause shown, the Court should reconsider its order dismissing the case or in the alternative, reopen the case and allow the Debtor "ten (10) days in which to file a new Certificate of Counseling which complies with 11 U.S.C. Section 109(h).

On July 18, 2006, the Debtor filed a voluntary chapter 7 petition. The Debtor also filed a Certificate of Credit Counseling confirming that he received credit counseling on January 18, 2006. On July 21, 2006, the Court entered the Order dismissing the Debtor's case –

> Order Dismissing Case for failure to comply with 11 U.S.C. § 109(h) which requires debtor to receive credit counseling during the 180-day period prior to the filing of the petition. A calculation of the dates provided by the debtor indicates that the credit counseling was obtained 181 days prior to the filing of this petition.

Order Dismissing Case (Doc. 7). Under Section 109(h) of the Bankruptcy Code, an individual is not eligible to be a "debtor" under Title 11 unless the debtor received the required credit counseling during the 180-day period prior to the date the bankruptcy petition is filed. Because the Debtor did not obtain credit counseling within 180 days prior to the filing of his bankruptcy petition and because he did not seek and qualify for an exigent circumstances waiver, he was not an eligible debtor under Section 109(h), and his case was dismissed.

In the Motion, the Debtor failed to set forth the grounds upon which the relief sought might be based. See Fed. R. Bankr. P. 9013 (the motion shall state both the relief sought and the grounds therefor "with particularity"). In the Motion, the Debtor seeks to reopen the case, but this case has not been closed. A case which has been dismissed, but not "closed," cannot be reopened. See Flores v. U.S. Trustee (In re Flores), 271 B.R. 213 (Table), No. NM-00-069, at *3 (B.A.P. 10th Cir. 2001), *citing* Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.), 699 F.2d 963, 965 (9th Cir. 1982); In re

King, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997). Therefore, the Court will consider the Debtor's motion to reconsider.

Although motions for reconsideration are not recognized by the Federal Rules of Civil Procedure or listed in Rule 8002(b), a motion to reconsider may be considered (1) a motion to alter or amend a judgment under Bankruptcy Rule 9023, which makes Federal Rule of Civil Procedure 59(e) applicable in bankruptcy cases; or (2) a motion for relief under Bankruptcy Rule 9024, which makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases. See Dimeff v. Good, 281 B.R. 689, 698 (B.A.P. 10th Cir. 2002). A motion to reconsider that is filed within ten days of the date of the order in question is usually characterized as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. See In re Busetta-Silvia, 308 B.R. 537, 539 at n.2 (Bankr. D.N.M. 2004)("No matter how styled, we construe a post-judgment motion served within ten days of the entry of judgment and challenging the correctness of the judgment as a motion under Rule 59(e)."). Here, the Debtor filed the Motion within ten days of the entry of the order dismissing the case.

A Rule 59(e) motion requires the movant to demonstrate some type of error of law or present newly discovered evidence. See Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 at n. 5 (10th Cir. 2000). Here, the Debtor failed to set forth any error of law or newly discovered evidence. In the Motion, the Debtor confirms the fact that he received his credit counseling outside the 180-day period prescribed by Section 109(h) of the Bankruptcy Code. "A filer who fails to fulfill all of the requirements of § 109(h) 'may not be a debtor'

in bankruptcy.  11 U.S.C. § 109(h).  The requirements of § 109(h) are explicit and leave no room for a court to exercise discretion.  Credit counseling services must be *received* within 180 days prior to filing a petition." In re Carey, 341 B.R. 798, 803 (Bankr. M.D. Fla. 2006).  Accordingly, the Debtor is not entitled to relief under Rule 59(e) of the Federal Rules of Civil Procedure.

The Motion could also be construed as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 9024.  Rule 60(b)(1) allows a court to relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1).  An attorney's miscalculation of a filing deadline does not constitute mistake, inadvertence, surprise or excusable neglect.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 392, 398 (1993)("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'" and "upheaval" in a law practice is not probative of excusable neglect); see also Lang v. Lang (In re Lang), 305 B.R. 905, 910 (B.A.P. 10th Cir. 2004)(the press of other business did not constitute excusable neglect for attorney's untimely filing of a notice of appeal).  Although counsel for the Debtor asserts that the fault for the delay was her own, "clients must be held accountable for the acts and omissions of their attorneys." Pioneer, 507 U.S. at 396.  Accordingly, the Debtor is not entitled to relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure.

The Debtor requests the Court to allow him "an additional ten (10) days in which to file a new Certificate of Counseling which complies with 11 U.S.C. Section 109(h)."  Motion

at 2. Even if the Court granted the Debtor's Motion and vacated the dismissal, the Debtor would remain an ineligible debtor under Section 109(h) because he did not receive credit counseling within 180 days of the petition date. The provisions of §109(h) cannot be cured subsequent to the filing of the petition. See In re Talib, 335 B.R. 417, 424 (Bankr. W.D. Mo. 2005), *citing* In re Wallert, 332 B.R. 884, 891 (Bankr. D. Minn. 2005)(other citation omitted). The requirements of Section 109(h) are explicit and leave no room for discretion. In order to obtain bankruptcy relief, the Debtor must file a new bankruptcy case. Accordingly, the Motion is denied.

**SO ORDERED** this 2nd day of August, 2006.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE